UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Héctor José Contreras Meza,
(A-Number: 232-280-940),

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,

Respondents.

No. 1:26-cv-06972-KES-EPG

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING A BOND HEARING

Docs. 1, 2

Petitioner Héctor José Contreras Meza ("petitioner" or "Meza") is an immigration detainee who, on September 1, 2026, filed a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention as unlawful under the Fifth Amendment's Due Process Clause. Doc. 1 at ¶¶ 80–96. He also filed a motion for a temporary restraining order. Doc. 2. Meza entered the United States on March 23, 2023 pursuant to the Venezuelan Humanitarian Parole process. Doc. 1 at ¶ 30.[1] He filed an asylum petition in March 2025 and possesses an employer authorization document valid through October 9, 2030. *Id.* at ¶¶ 35, 37. In May 2026, he was arrested in Florida based on a charge of battery, although respondents do not allege that he was convicted of that offense. *Id.* at ¶ 46; Doc. 6 at 6, 10–14. Immigration authorities encountered

[1] In March 2025, the Department of Homeland Security announced the termination of this parole program. Doc. 6 at 6. Parole for beneficiaries expired on April 24, 2025. *Id.*

him at the jail shortly after that state arrest. Doc. 1 at ¶¶ 56–60; Doc. 6 at 6.

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 4. In response, respondents argue contradictory positions. On the one hand, they argue that petitioner received all the process to which he was entitled, because in July 2026 immigration authorities provided him with a bond hearing under 8 U.S.C. § 1226(a), at which an immigration judge found that petitioner had failed to show he did not pose a danger. *See* Doc. 6 at 1, 28. Respondents also argue, inconsistently, that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) and that he does not have any due process right to a bond hearing. Doc. 6 at 2. This latter argument is contradicted by the government's own conduct in treating petitioner as entitled to a bond hearing in immigration court. Meza acknowledges that he received a custody redetermination hearing on July 31, 2026, Doc. 1 at ¶ 66, but he contends that it was inadequate as he was entitled under the Fifth Amendment to a pre-deprivation hearing at which the government bore the burden to prove he was a flight risk or danger. *Id.* at ¶¶ 80–96.

Petitioner was paroled into the United States on March 23, 2023 under the Venezuelan Humanitarian Parole program. Doc. 6 at 6. While his parole under that program ended in April 2025, petitioner filed an asylum petition in March 2025 and immigration authorities issued him an employment authorization valid through October 9, 2030. Doc. 1 at ¶¶ 35, 37. Respondents did not seek to detain him at that time. In such circumstances, "the government's decision not to detain petitioner, and instead to grant him work authorization while his asylum claim proceeded, provided him with a protected liberty interest." *Medvezhov v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-05918-KES-SAB (HC), 2026 WL 2234501, at *2–4 (E.D. Cal. Aug. 3, 2026) (cleaned up) (citing cases). And, in these circumstances, petitioner is entitled to a hearing at which the government bears the burden of proving that he is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Medvezhov*, 2026 WL 2234501, at *2–4 (E.D. Cal. Aug. 3, 2026).

Here, Meza was detained by immigration authorities while he was in custody following

his state arrest for battery. Doc. 6 at 6, 10–14. In the circumstances of petitioner's case, a post-deprivation hearing is appropriate. But the hearing that Meza received was inadequate under the Due Process Clause as the burden should have been on the government to establish, by clear and convincing evidence, that Meza was a flight risk or danger to the community.

Respondents are ORDERED to provide Meza (A-Number: 232-280-940) a bond hearing before a neutral decisionmaker within ten (10) days of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence.[2] Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release. If respondents do not provide petitioner with a bond hearing within seven days, then respondents must release him.

The motion for a temporary restraining order is DENIED as moot.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Immigration Processing Center with a copy of this Order.

IT IS SO ORDERED.

Dated: September 9, 2026

UNITED STATES DISTRICT JUDGE

[2] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.